**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| YA-SIR KYREEM UMAR, | Case No. 2:26-cv-01583-APG-BNW |
| Petitioner, | **Order to Show Cause** |
| v. | |
| JEREMY BEAN, | |
| Respondent. | |

*Pro se* Petitioner Ya-Sir Kyreem Umar has submitted a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 and filed a motion to proceed *in forma pauperis* (IFP). ECF Nos. 1, 1-1. Based on Umar's Financial Certificate (ECF No. 4), I grant his motion to proceed IFP. However, following an initial review of the Petition under the Rules Governing Section 2254 Cases ("Habeas Rules"), I instruct Umar to show cause why his Petition should not be dismissed as untimely and/or unexhausted.

**I.   DISCUSSION**

Pursuant to Habeas Rule 4, I must examine the Petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows for the dismissal of petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or suffer from procedural defects. *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases); *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

On August 31, 2022, the Nevada state court entered an amended judgment of conviction in case number C-18-332808-3 pursuant to a guilty plea, convicting Umar of conspiracy to commit robbery and second-degree murder with the use of a deadly weapon. Umar was

sentenced to an aggregate of 12-to-32 years in prison.  Umar did not appeal his judgment of conviction or file a state habeas petition.[1]  Based on this information and as is discussed below, it appears that Umar's Petition is untimely and wholly unexhausted.

The Antiterrorism and Effective Death Penalty Act (AEDPA) establishes a 1-year period of limitations for state prisoners to file a federal habeas petition pursuant to 28 U.S.C. § 2254. The limitation period, *i.e.*, 365 days, begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's judgment of conviction became final by either the conclusion of direct appellate review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A).  The federal limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).  But no statutory tolling is allowed for the period between finality of a direct appeal and the filing of a petition for post-conviction relief in state court because no state court proceeding is pending during that time. *Nino v. Galaza*, 183 F.3d 1003, 1006–07 (9th Cir. 1999); *Rasberry v. Garcia*, 448 F.3d 1150, 1153 n.1 (9th Cir. 2006).

Here, because Umar did not file a direct appeal to the Nevada appellate courts challenging his judgment of conviction, it appears that his conviction became final on the date on which the time for seeking direct review expired: September 30, 2022. *See* Nev. R. App. P. 4(b)(1) (requiring a notice of appeal to "be filed with the district court clerk within 30 days after the entry of the judgment or order being appealed"); *Gonzalez v. Thaler*, 565 U.S. 134, 137 (2012) (when a state prisoner "does not seek review in a State's highest court, the judgment

---

[1]I take judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts, assessable at https://www.clarkcountycourts.us/portal and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

becomes 'final' on the date that the time for seeking such review expires"). The federal limitation period thus began to run the following day (October 1, 2022) and expired 365 days later (October 1, 2023). Absent another basis for tolling or delayed accrual, it appears that Umar filed his Petition more than 2.5 years after his AEDPA limitation period expired.

Umar must show cause why the Petition should not be dismissed with prejudice as time-barred. In this regard, Umar is informed that the one-year limitation period may be equitably tolled. Equitable tolling is appropriate only if the petitioner can show that: (1) he has been pursuing his right diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). "[E]quitable tolling is unavailable in most cases." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). And "'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)). Umar ultimately has the burden of proof on this "extraordinary exclusion." *Miranda*, 292 F.3d at 1065.

Umar further is informed that, under certain circumstances, the limitation period may begin running on a later date[2] or may be statutorily tolled. And Umar is informed that if he seeks

---

[2] 28 U.S.C. § 2244(d)(1) provides, in part, as follows:

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . .

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

to avoid application of the limitation period based upon a claim of actual innocence, he must come forward with new reliable evidence tending to establish actual factual innocence, *i.e.*, tending to establish that no juror acting reasonably would have found him guilty beyond a reasonable doubt. *See McQuiggin v. Perkins*, 569 U.S. 383 (2013); *House v. Bell*, 547 U.S. 518 (2006).

Turning to the issue of exhaustion, a claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider each claim through direct appeal or state collateral-review proceedings. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999); *see also Coleman v. Thompson*, 501 U.S. 722, 731 (1991) (explaining that the exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights"). To properly exhaust state remedies on each claim, the habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014); *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005) (fair presentation requires both the operative facts and federal legal theory upon which a claim is based).

Because Umar did not file a direct appeal or a state habeas petition, it appears that his Petition is wholly unexhausted. As such, I also direct Umar to show cause why his Petition should not be dismissed as unexhausted.[3]

---

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

[3] I note that I am authorized to stay an unexhausted petition in limited circumstances to allow a petitioner to present unexhausted claims to the state court. *Rhines v. Weber*, 544 U.S. 269, 273–75 (2005) (explaining that a stay and abeyance is only appropriate when the district court

## II.   CONCLUSION

I THEREFORE ORDER that the application to proceed IFP **[ECF No. 1] is granted**.

I FURTHER ORDER Umar to respond to this Order by July 31, 2026.  If Umar does not timely respond to this Order or request an extension of time to do so, the Petition will be dismissed without further advance notice.

Dated: May 30, 2026

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

---

determines there was good cause for the petitioner's failure to exhaust his claims first in state court).  Where a petitioner is attempting in good faith to exhaust state remedies but is unsure whether state proceedings for post-conviction relief are properly filed under 28 U.S.C. § 2244(d)(2), he or she may file a "protective petition" in federal court and ask for a stay and abeyance of the federal habeas proceedings until he or she exhausts his or her state remedies. *Id.* at 278.  "A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court." *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005).

5