**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| YA-SIR KYREEM UMAR,<br>Petitioner,<br>v.<br>JEREMY BEAN,<br>Respondent. | Case No. 2:26-cv-01583-APG-BNW<br>**Dismissal Order** |

On August 31, 2022, the Nevada state court entered an amended judgment of conviction in case number C-18-332808-3, pursuant to a guilty plea, convicting Ya-Sir Kyreem Umar of conspiracy to commit robbery and second-degree murder with the use of a deadly weapon. Umar was sentenced to an aggregated of 12 to 32 years in prison. Umar did not appeal his judgment of conviction or file a state habeas petition.[1]

In this court, Umar submitted a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. ECF No. 1-1. Following an initial review of the Petition, I entered an Order to Show Cause, instructing Umar to explain why his Petition should not be dismissed as untimely and unexhausted. ECF No. 5. In response to the Order to Show Cause (incorrectly titled a Motion), Umar contends that the untimeliness of his Petition should be excused because he is actually innocent. ECF No. 8. While a demonstration of actual innocence may overcome the timeliness issue, which I need not decide at this time, it cannot excuse the lack of exhaustion. And nothing in Umar's response to the Order to Show Cause touches on his lack of exhaustion, argues the applicability of an exception to the exhaustion requirement, or requests that a stay be issued.

[1] I take judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts, assessable at https://www.clarkcountycourts.us/portal and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

Accordingly, I dismiss the Petition without prejudice, meaning Umar is not prohibited from filing a new federal habeas petition in a new case following exhaustion of his state court remedies. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991) ("This Court has long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims."); 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State.").

I THEREFORE ORDER that the Motion to Show Cause **[ECF No. 8] is denied**. The Petition **[ECF No. 1-1] is dismissed without prejudice** as wholly unexhausted. A certificate of appealability is denied as reasonable jurists would not find the dismissal of the Petition to be debatable or wrong for the reasons discussed herein.

I FURTHER ORDER the Clerk of Court to (1) file the Petition (ECF No. 1-1), (2) add Nevada Attorney General Aaron D. Ford as counsel for the Respondents,[2] (3) provide the Nevada Attorney General with copies of this Order and all other filings in this matter by regenerating the notices of electronic filing, (4) enter judgment, and (5) close this case.

Dated: August 17, 2026

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

[2] No response is required from the Respondents other than to respond to any orders of a reviewing court.